IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY LEE HAMILTON,<br>Petitioner<br><br>v.<br><br>COMMONWEALTH OF PA,<br>Respondent | No. 3:24-cv-0449<br><br>(Judge Munley) |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

### I. Background

On March 14, 2024, Petitioner, Barry Lee Hamilton, an inmate confined in the Fayette State Correctional Institution ("SCI-Fayette"), Labelle, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges a conviction imposed by the Bucks County Court of Common Pleas. (Doc. 1). For the reasons outlined below, the Court will transfer the petition to the United States District Court for the Eastern District of Pennsylvania.

## II. Discussion

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. §2242, see also §2243. . . .' [T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 542 U.S. 426, 433-436 (2004) (citations omitted). In Padilla, the Court added that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district; the district of confinement." Id. at 442. The district court must have personal jurisdiction over the petitioner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973). This Court does not have that jurisdiction.

Petitioner is challenging his 2013 conviction in the Bucks County Court of Common Pleas. (Doc. 1). The district in which Petitioner was convicted is the Eastern District of Pennsylvania. However, Petitioner is confined at SCI-Fayette, which is located in the Western District of Pennsylvania. Petitioner

has no connection whatsoever with the Middle District of Pennsylvania, and this Court is without jurisdiction.

However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a); See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, see Hinton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000).

Title 28 U.S.C. §2241(d) provides:

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Since the amendment of that section, it has been the agreed practice of the United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania, to transfer any habeas petitions filed by a petitioner incarcerated in their respective districts to the district which includes the county where the conviction was had. The Petitioner is attacking a conviction imposed by the Court of Common Pleas for Bucks County, Pennsylvania. Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District.

### III. CONCLUSION

For the reasons set forth above, the Court will transfer the above captioned action to the United States District Court for the Eastern District of Pennsylvania.   A separate Order will be entered.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Judge

4/5/24